**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NCN LENDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-483 |
| | § | |
| JAMES T. COOK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

NCN Lending, LLC has sued James T. Cook Jr. and Judith B. Cook to enforce their personal guaranty of a $1,270,000 note. The note was to finance an office building in Corpus Christi, Texas. NCN Lending contends the Cooks owe $257,938.48, the deficiency remaining after a foreclosure and subsequent sale, and $15,985.58 in attorney's fees. NCN Lending moved for summary judgment on liability, damages, and attorney's fees. (Docket Entry No. 17). The Cooks responded, (Docket Entry No. 20), NCN Lending replied, (Docket Entry No. 23), and the Cooks filed a surreply, (Docket Entry No. 25). The Cooks have also filed a motion to strike portions of NCN Lending's summary judgment evidence, (Docket Entry No. 21), to which NCN Lending has responded, (Docket Entry No. 24). The Cooks filed a supplemental objection to the evidence submitted with NCN Lending's reply, (Docket Entry No. 26).

Based on the pleadings, the motions, the responses, the reply, and the relevant law, this court grants in part and denies in part NCN Lending's motion for summary judgment and denies the Cooks' motion to strike. The court concludes that summary judgment is appropriate on liability; that the present record is inadequate to permit the court to rule as a matter of law on the amount the

Cooks owe; and that it is premature to rule on attorney's fees.  A telephone status conference is set for **January 12, 2011**, at 5:00 p.m.

The reasons for this ruling are explained in detail below.

## I.      The Summary Judgment Evidence[1]

On September 28, 2007, Amidee 2006 Preferred–Corpus, Ltd., purchased a commercial office building in Corpus Christi, financing the purchase with a $1,270,000 loan from KeyBank. The borrower executed a deed of trust with the bank, and the Cooks signed the Guaranty Agreement. (Docket Entry No. 17, Exs. A ¶ 3; A-1; A-2).  The "guaranty includes, but is not limited to: Loan number **10041878** in the amount of $**1,270,000**."  (*Id.* Ex. A-3).  The Guaranty Agreement provides that the guarantors' liability is "limited to a principal amount of $1,270,000 . . . plus accrued interest thereon and all attorney's fees, collection costs and enforcement expenses referable thereto."  (*Id.* ¶ 5).

NCN Lending purchased the note on or about March 30, 2009.  (*Id.* Ex. A ¶ 5; Ex. A-4). NCN Lending decided to foreclose on the property after Amidee's failure to make loan payments in September and October 2009 and its voluntary bankruptcy.  (*Id.* Ex. A ¶ 6).  These events amounted to three instances of default under the note.  After Amidee declared bankruptcy, NCN

---

[1]   The summary judgment record consists of the affidavit and supplemental affidavit of Thomas J. Conwell, a records custodian for NCN Lending and one of its two members, (Docket Entry No. 17, Ex. A; Docket Entry No. 23, Ex. A); the promissory note between KeyBank, N.A. and Amidee 2006 Preferred-Corpus, Ltd., (*Id.* Ex. A-1); a deed of trust, between KeyBank and Amidee, (*Id.* Ex. A-2); the Guaranty Agreement between KeyBank and the Cooks, (*Id.* Ex. A-3); the assignment of the deed of trust to NCN Lending, (*Id.* Ex. A-4); the deed from the foreclosure sale, (*Id.* Ex. A-5); the settlement statement, (*Id.* Ex. A-6); an order allowing NCN Lending to sell the commercial property, (*Id.* Ex. A-7); the affidavit of James C. Walk, NCN Lending's lawyer, relating to the attorney's fees NCN Lending seeks (*Id.* Ex. B); a demand for payment dated November 16, 2009, (*Id.* Ex. B-1); the affidavit of Kenneth H. Holt, the Cooks' lawyer, relating to attorney's fees, (Docket Entry No. 20, Ex. A); a transaction history of the loan, (*Id.* Ex. A-1); and other NCN Lending business records, (*Id.* Ex. A-2).

Lending sought and obtained leave from the bankruptcy court to foreclose on the Corpus Christi property.  (*Id.* Ex. A ¶ 7).

NCN Lending sued the Cooks for breach of their guaranty contract on January 13, 2010, in the Southern District of Texas, Corpus Christi Division, seeking to recover the deficiency and costs. (Docket Entry No. 1).  The parties agreed to transfer the case to the Houston Division.  NCN Lending moved for summary judgment in September 2010.  (Docket Entry No. 17).

**II.     Analysis**

**A.      The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).  If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case.  *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v.*

3

*$92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.  2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### A.    The Cooks' Motion to Strike

The Cooks moved to strike Conwell's affidavits and the signed and unsigned HUD settlement reports.  The affidavits and settlement statements are proper summary judgment evidence.  Conwell states that he is the records custodian for NCN Lending and one of its two members.  According to his affidavits, the settlement statements are made and kept in the regular course of NCN Lending's business.  These records fall under the hearsay exception set out in Rule 803(6) of the Federal Rules of Evidence.  *See United States v. Baker*, 538 F.3d 324, 331 (5th Cir. 2008).

The Cooks also object to the unsigned settlement statement as irrelevant because it does not include their signatures.  The absence of the signatures does not make the settlement statement irrelevant.  *See* FED. R. EVID. 401.  Nor does the absence of the signatures defeat authentication when a witness with knowledge testifies as to what the document is.  *See* FED. R. EVID. 901(b)(1).

4

And NCN Lending has cured any problem created by the missing signatures by furnishing a signed copy of the settlement statement, making the objection moot.

The Cooks also object to paragraph 8 of Conwell's first affidavit, which states:

> Following the foreclosure sale, Lender sold the property for $1,200,000, with NCN receiving $1,164,830.79 in net proceeds from the sale. A true and correct copy of the settlement statement from the closing is attached as Exhibit A-6. The remaining amount owed under the Guaranty, after deducting the amounts Lender was able to recover from the sale is $257,938.79.

(Docket Entry No. 17, Ex. A). The Cooks object that the paragraph should be disregarded because the affidavit does not demonstrate that Conwell has personal knowledge and he was not disclosed as an expert. In response, NCN Lending filed a supplemental affidavit, in which Conwell explains that he had "personal involvement with all aspects" of the purchase of the note and the foreclosure and sale. The supplemental affidavit also asserts that the calculation is "readily calculable by anyone with a calculator and/or basic understanding of simple mathematics." (*Id.* ¶ 3). Based on the supplemental affidavit, the objection is overruled.

The Cooks also argue that NCN Lending's damages evidence should be excluded because no documents underlying the damages calculation were submitted. Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure state that a party must provide "a computation of each category of damages claimed [and] make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." A party who fails to comply "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "A party claiming damages has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it

concerning that claim, however limited and potentially changing it may be." *Joseph v. Las Vegas Metro. Police Dep't*, No. 2:09-cv-0966-HDM-LRL, 2010 WL 3238992, at *2 (D. Nev. Aug. 13, 2010); *see also City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) (recognizing that Rule 26(a)(1)(c) anticipates supplemental disclosures with ever-greater level of detail as discovery progresses). The Cooks have not presented any basis for this court to conclude that NCN Lending has withheld information or documents on which its damages calculation was based. Conwell's supplemental affidavit states that the damages sought are the deficiency, calculated using account information available to the Cooks. Indeed, the Cooks attached an internal account statement to their response to NCN Lending's motion for summary judgment. This objection is denied.

The Cooks' third objection is to Walk's affidavit supporting an award of attorney's fees. Walk states in his affidavit that he is an attorney practicing in Dallas and familiar with attorneys' fees charged in the Southern District of Texas in cases of this nature. The Cooks argue that this affidavit should be disregarded because it was filed out of time and because it is irrelevant.

The objection as to timeliness is not persuasive. At the initial conference on March 12, 2010, the parties agreed to address attorney's fees after the merits of the case were resolved. This court issued a scheduling and docket control order to that effect. (Docket Entry Nos. 14, 15). The deadline for designating expert witnesses set out in the order does not apply to experts for attorney's fees.

The objection as to relevance is also not persuasive. The Cooks argue that the affidavit statement that Walk is familiar with the rates charged by lawyers in Houston is "conclusory." (Docket Entry No. 21). In his affidavit, Walk states that he is an attorney in Dallas, practicing since

2004, and that he is "familiar with the necessary services and reasonable fees charged for legal services in the Southern District of Texas for a case of this nature." (Docket Entry No. 17, Ex. B ¶ 2). This meets the Rule 56(e) burden. FED. R. EVID. 602 ("Evidence to prove personal knowledge, may . . . consist of the witness' own testimony."); *Cantaxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, Civ. A. No. H-06-1330, 2008 WL 1999234, at *11 (S.D. Tex. May 8, 2008); *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, Civ. A. No. H-07-155, 2008 WL 686206, at *18 n.3 (S.D. Tex. Mar. 7, 2008). A Dallas attorney may be familiar with fees charged in Houston.

The Cooks' motion to strike is denied.

### B.     NCN Lending's Motion for Summary Judgment

"The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Southwell v. Univ. of Incarnate World*, 974 S.W.2d 351, 354–55 (Tex. App.—San Antonio, 1998, pet. denied); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ); *Garner v. Corpus Christi Nat'l Bank*, 944 S.W.2d 469, 476 (Tex.App.—Corpus Christi 1997, writ denied); *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 629 (Tex.App.—Dallas 1992, writ denied). The uncontested summary judgment evidence shows that the Cooks signed the Guaranty Agreement with KeyBank. The Agreement was later assigned to NCN Lending, which foreclosed on the property after default, leaving a deficiency. Under the terms of the Guaranty Agreement, the Cooks are responsible for that deficiency plus the costs of collection. As NCN Lending points out in its reply, the Cooks do not dispute their liability under the Guaranty Agreement. Based on the uncontroverted evidence, the Cooks are liable as a matter of law for the deficiency remaining on the Note and other

7

costs set forth in the Guaranty Agreement. *See* Fed. R. Civ. P. 56(g)("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.").

The parties do dispute the amount of damages. NCN Lending argues that it sold the property for $1,164,830.79, leaving a $257,938.48 deficiency. In support, it offers Conwell's affidavits and a HUD settlement statement. (Docket Entry No. 17, Ex. A ¶ 7; Ex. A-6). The Cooks respond that the $257,938.48 amount sought is too high. The Cooks argue that the amount owed on the Note was $1,211,402.05 when NCN Lending sold the property for $1,164,840.79. That would leave a deficiency of only $46,561.26, substantially less than the amount NCN Lending seeks. The Cooks offer an internal account report produced by NCN Lending in support of their argument identifying an amount of $1,211,402.05 as "TOT-AMT PR-BAL." (Docket Entry No. 20, Ex. A-1). NCN Lending responds that the amount in this report on which the Cooks rely is "unambiguously labeled 'TOT-AMT PR-BAL', which is an abbreviation for Total Amount Principal Balance. This amount is the principal balance of the Note <u>only</u> and does not include interest or other charges allowable under the Note." (Docket Entry No. 23 at 3–4). But NCN Lending offers no evidence of the abbreviation's meaning or other explanation to account for the more than $200,000 difference between the amount it claims to be the principal balance and the additional fees that it says cause the deficiency to reach the proposed damages total.

The present record is inadequate for this court to determine as a matter of law the amount of damages due NCN Lending. Because of this fact issue, it is premature to rule on the issue of attorney's fees.

8

**III.      Conclusion**

Based on the present record, NCN Lending's motion for summary judgment is granted as to liability but denied as to damages.  The Cooks' motion to strike NCN Lending's summary judgment evidence is denied.  A telephone status conference will be held on **January 12, 2011**, at 5:00 p.m.  Counsel are directed to call the court's designated conference line at 713-250-5550 to participate.

SIGNED on December 13, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9